UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEPHEN DURR,

    *Plaintiff*,

v.

DEPARTMENT OF THE ARMY, *et al.*,

    *Defendants*.

Case No. 24-cv-00374 (ACR)

## MEMORANDUM OPINION AND ORDER

Plaintiff Stephen Durr, proceeding *pro se*, challenges his 1994 discharge from the U.S. Army. This marks his fifth attempt, across multiple courts, to obtain monetary and injunctive relief. For the reasons below, the Court **GRANTS** Defendants' Motion to Dismiss, Dkt. 10, and **DISMISSES** this case with prejudice.

### I. BACKGROUND

**A. Plaintiff's Military Discharge**

Plaintiff entered active-duty service in July 1989. Compl., Dkt. 1 at 8. After a schizophrenia diagnosis, the Army placed him on the Temporary Disability Retired List (TDRL) on January 8, 1993. *Id.*; Dkt. 1-1 at 14.

A subsequent evaluation on May 24, 1994, led the Medical Evaluation Board (MEB) to recommend keeping Plaintiff on the TDRL, citing his psychiatric history and low employability. Dkt. 1-1 at 14–15. The Physical Evaluation Board (PEB) informally adopted those findings on August 5, 1994, and recommended Plaintiff's removal from the TDRL and separation from the Army with a 10% disability rating and severance pay. *Id.* at 17–21. Plaintiff concurred with the

1

PEB's findings and waived a formal hearing. *Id.* at 20. He was formally discharged on September 9, 1994. *Id.* at 23.

### B. Plaintiff's Prior Suits

In December 2018, Plaintiff first challenged his discharge in the Court of Federal Claims. *Durr v. United States*, No. 18-1910 (Fed. Cl.) (*Durr I*). That court dismissed his complaint as untimely under the Tucker Act's six-year statute of limitations. *Durr I*, Dkt. 13 at 3.

On May 6, 2019, Plaintiff filed a new action in this Court. *Durr v. Dep't of Army*, No. 19-cv-1340 (*Durr II*). There, he sought to overturn a 2014 decision by the Army Board for Corrections of Military Records (ABCMR) denying his application for relief. *See Durr II*, Dkt. 1. He requested reinstatement, back pay, and more than $10,000 in compensatory damages. *See Durr II*, Dkt. 1; Dkt. 1-1 at 25–28. The Court dismissed the case, concluding that the Tucker Act placed exclusive jurisdiction over Plaintiff's monetary claims in the Court of Federal Claims. *See Durr II*, Dkt. 23 at 8–9. The Court also denied Plaintiff's request for a writ of mandamus, finding he had not shown a clear and indisputable right to such extraordinary relief. *Id.* at 9. The D.C. Circuit affirmed that decision. *See Durr v. Dep't of Army*, 828 F. App'x 723 (D.C. Cir. 2020) (per curiam).

Undeterred, Plaintiff returned to this Court on February 8, 2021, in *Durr v. United States*, No. 21-cv-354 (*Durr III*). There, he challenged the ABCMR's 2019 refusal to reconsider its 2014 denial of his application for relief. He again sought retroactive reinstatement, back pay, and more than $400 million in damages. *See Durr III*, Dkt. 1 ¶¶ 23–24, 33–34. The Court again found it lacked jurisdiction because Plaintiff sought damages over $10,000, placing the claims squarely within the exclusive jurisdiction of the Court of Federal Claims. *See Durr III*, Dkt. 32

at 4–6.  The D.C. Circuit affirmed.  *See Durr v. United States*, No. 21-5296, 2022 U.S. App. LEXIS 28935 (D.C. Cir. Sept. 14, 2022).

Plaintiff tried again on January 19, 2023, filing *Durr v. United States*, No. 23-cv-180 (*Durr IV*).  This time, he again challenged the ABCMR's 2019 denial of reconsideration.  He sought fourteen forms of relief, including reinstatement, a promotion to Colonel, attendance at advanced military schools, and over $900 million in compensatory and punitive damages.  *See Durr IV*, Dkt. 1 at 22–29.  On May 23, 2023, the Court again held that jurisdiction rested exclusively in the Court of Federal Claims.  *See Durr IV*, Dkt. 13 at 2.  The D.C. Circuit affirmed.  *See Durr v. United States*, No. 23-5144, 2023 WL 7981698 (D.C. Cir. Nov. 16, 2023).

### C. Plaintiff's Current Suit

Plaintiff filed this suit on February 5, 2025, again challenging the ABCMR's 2019 decision.  *See* Compl., Dkt. 1.  Invoking the Administrative Procedure Act (APA), 5 U.S.C. §§ 702, 706, he seeks reinstatement, retroactive promotion to Colonel, attendance at military schools, and $37 million in pecuniary damages.  *Id.* at 16–20.

After Defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(1), Dkt. 10, Plaintiff filed a separate motion seeking compensatory and punitive damages totaling $437 million.  Dkt. 12.  Defendants opposed and submitted supplemental materials.  *See* Dkts. 13, 14.

## II.   LEGAL STANDARD

Plaintiff bears the burden of establishing subject-matter jurisdiction.  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).  Courts construe *pro se* complaints liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), but "federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute."  *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (cleaned up).  If jurisdiction is lacking, dismissal is mandatory.  *See* Fed. R.

Civ. P. 12(b)(1); *Marine Wholesale & Warehouse Co. v. United States*, 315 F. Supp. 3d 498, 508–09 (D.D.C. 2018).

### III. ANALYSIS

Plaintiff's suit is barred by the Tucker Act, which vests exclusive jurisdiction over claims for monetary relief exceeding $10,000 against the United States in the Court of Federal Claims. 28 U.S.C. § 1491(a). Plaintiff now seeks nearly $500 million in damages. *See* Dkt. 12 at 3–4. That alone places his claims beyond this Court's jurisdiction.

Although Plaintiff also requests non-monetary relief, the gravamen of his Complaint is monetary. The D.C. Circuit has held that even APA claims must proceed in the Court of Federal Claims if the plaintiff seeks more than $10,000. *Kidwell v. Dep't of Army*, 56 F.3d 279, 284 (D.C. Cir. 1995); *see also Durr*, 828 F. App'x at 723.

Plaintiff invokes *Dilley v. Alexander*, 627 F.2d 407 (D.C. Cir. 1980), to argue that this Court retains jurisdiction despite the size of his monetary demand. But *Dilley* does not help him. There, the plaintiffs challenged agency action under the APA and initially sought remand, not monetary relief, from the district court. Only later did the D.C. Circuit direct reinstatement and retroactive back pay, without addressing whether the district court had jurisdiction to award relief exceeding $10,000. *See Goble v. Marsh*, 684 F.2d 12, 13 n.5 (D.C. Cir. 1982). Whatever *Dilley* may suggest, binding precedent and statute now make clear that the Court of Federal Claims has exclusive jurisdiction over such claims. *See* 28 U.S.C. § 1491(a); *Durr IV*, 2023 U.S. App. LEXIS 30645, at *1.

Moreover, Plaintiff is collaterally estopped from relitigating this jurisdictional issue. *See Nat'l Ass'n of Home Builders v. EPA*, 786 F.3d 34, 41 (D.C. Cir. 2015). This Court and the

4

D.C. Circuit have ruled—multiple times—that the Tucker Act divests this Court of jurisdiction over Plaintiff's claims.  *See, e.g.*, *Durr III*, Dkt. 32 at 4–5.

Finally, transfer is not in the interest of justice.  *See* 28 U.S.C. § 1631.  The Court of Federal Claims has held that Plaintiff's claims are untimely.  *See Durr I*, Dkt. 13 at 3.  No other federal court has jurisdiction.  Dismissal is therefore required.  *See Laukus v. United States*, 691 F. Supp. 2d 119, 127 (D.D.C. 2010).

## IV.   CONCLUSION AND ORDER

For the reasons above, the Court hereby

**GRANTS** Defendants' Motion to Dismiss, Dkt. 10;

**DENIES** Plaintiff's Motion for Compensatory/Punitive Damage Award, Dkt. 12;

**DISMISSES** Plaintiff's Complaint, Dkt. 1, and this case with prejudice[1]; and

**DIRECTS** the Clerk of the Court to close this case.

**SO ORDERED.**

This is a final appealable Order.  *See* Fed. R. App. P. 4(a).

Date: July 23, 2025

                                                                        ANA C. REYES
                                                                        United States District Judge

---

[1] The Court may dismiss a complaint with prejudice when the plaintiff repeatedly fails to cure its deficiencies.  *See Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996).  Plaintiff's Complaint substantially overlaps with prior complaints he filed in this district, despite prior rulings that his claims to not belong in this Court.  *See supra* Section I.B.  Because Plaintiff has failed to cure the Complaint's defects, the Court dismisses with prejudice.